On Rehearing Granted

PER CURIAM.
On consideration of the motion for rehearing, the court withdraws its previous opinion and substitutes the following opinion.
The plaintiff, Theresa Felsen, appeals from an adverse final summary judgment. Under the facts of this case, Florida Power & Light Company (“FPL”) did not undertake a duty to the plaintiff. We therefore affirm.
In 1951 by agreement with the City of Miami Beach, FPL installed a street light on an alleyway. The street light has a directional arm which is suspended over the alleyway. FPL agreed to maintain this street light and provide electricity to it.
Years later — after 1963 — the City built a parking lot adjacent to the alleyway. When the City did this, the City made its own decision about illumination and placed its own City-owned lights in the parking lot. FPL had no involvement in any of this.
Under Clay Electric Cooperative, Inc. v. Johnson, 873 So.2d 1182 (Fla.2003), Whenever one undertakes to provide a service to others, whether one does so gratuitously or by contract, the individual who undertakes to provide the service ... thereby assumes a duty to act carefully and to not put others at an undue risk of harm. Id. at 1186 (footnote omitted).
In this case the claim of plaintiff Theresa Felsen against FPL fails at the outset. FPL never undertook a duty to light the parking lot in which plaintiff fell.
The plaintiff suggests that in planning its lighting for the parking lot, the City may have relied in part on illumination coming from the FPL light in the alleyway. That may be, but that is not enough to shift responsibility to FPL. The responsibility to provide parking lot lighting was that of the City.
For the stated reasons we affirm the trial court judgment.
COPE and FLETCHER, JJ., concur.